166 P.3d 761 (2007)
STATE of Washington, Respondent,
v.
Oliver W. WEAVER, Appellant.
No. 57691-7-I.
Court of Appeals of Washington, Division 1.
August 27, 2007.
*762 Nancy P. Collins, Washington Appellate Project, Seattle, Counsel for Appellants.
Brian M. McDonald, King County Prosecutors Office, Seattle, Counsel for Respondents.

PUBLISHED IN PART
ELLINGTON, J.
¶ 1 Oliver Weaver raped and impregnated a 13 year old girl. He was convicted of second degree rape and second degree rape of a child with the consequence of impregnating a minor. In the unpublished portion of this opinion, we uphold the verdict and reject two of Weaver's challenges to his sentence. In the published portion of this opinion, we reject Weaver's third challenge to his sentence, disagree with a recent decision of Division II of this court, and hold that the term "presentence reports" in RCW 9.94A.530 includes criminal history information submitted by the State. Under that statute, Weaver's failure to object to the State's report of his criminal history constituted an acknowledgement of its truth, and the trial court was entitled to rely upon it when calculating his offender score. We thus affirm Weaver's sentence.

BACKGROUND
¶ 2 Oliver Weaver, a man in his 40s with a wife and child, operated a used car lot. In October 2002, he called 13 year old R.T. and her cousin over as they walked past the lot, and asked them if they wanted a job washing cars and cleaning his house. R.T., who had never met Weaver before, accepted his offer and began working for him a few afternoons a week. Coincidentally, R.T.'s mother and Weaver discovered they knew each other from about 25 years before.
¶ 3 One afternoon in early December 2002, R.T. was cleaning Weaver's house. Weaver approached R.T. from behind and told her if she did not do as he wished, he would kill her. He then violently raped her for somewhere between 15 and 45 minutes. Weaver had a weapon, which R.T. thought was a bb gun.
¶ 4 R.T. was frightened by Weaver's threats, and did not report the rape. She worked at Weaver's home a few times over the next several weeks because her mother needed money, but in January, she told her mother she did not want to work there anymore. In February 2003, afraid she was pregnant, R.T. told a school friend what Weaver had done. The friend informed a school security guard, who called police.
¶ 5 R.T.'s doctor confirmed she was pregnant. On the advice of her mother and doctor, she had an abortion. A fetal tissue sample was collected, and the State's DNA expert calculated a one in 240 million probability that Weaver was not the father. According to the expert, a probability of merely one in 1,000 that a donor is not the father is a "very strong indication" of paternity.[1]
¶ 6 Following trial, Weaver was convicted by a jury of rape of a child in the second degree, and rape in the second degree with the consequence of impregnating a child.

DISCUSSION
¶ 7 Weaver challenges his offender score, contending the State failed to prove that his prior burglary convictions had not "washed out."[2] When an offender with a previous class B felony has spent 10 consecutive years in the community without any subsequent felony or misdemeanor convictions, the prior felony washes out and is not considered in calculating the offender score on a new offense.[3] The State alleged in its presentence statement of criminal history that Weaver was convicted of two misdemeanors during the 10 years following his release on the burglaries. Weaver did not object to the State's allegation.
*763 ¶ 8 The question here is whether the State's unchallenged allegation of intervening convictions is enough. We hold it is.
¶ 9 If a defendant disputes facts material to the sentence, the State must prove the disputed facts by a preponderance of the evidence,[4] including criminal history.[5] Under RCW 9.94A.530, however, the court may rely on information acknowledged by the defendant:
(2) In determining any sentence other than a sentence above the standard range, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing, or proven pursuant to RCW 9.94A.537. Acknowledgement includes not objecting to information stated in the presentence reports.[6]
¶ 10 In its presentence statement, the State submitted a criminal history sheet titled "Appendix B to Plea Agreement/Prosecutor's Understanding of Defendant's Criminal History."[7] Weaver was convicted of burglary in 1981 and 1985. The sentence for the second offense was eight months. He was thereafter convicted of misdemeanors in 1987, 1988, 1993, and 1996. The misdemeanors prevented the burglaries from washing out.
¶ 11 At sentencing, the principal issue was whether Weaver should receive an exceptional sentence. The offender score nonetheless had to be calculated. The prosecutor referred to the "two points" stemming from the burglary convictions.[8] Weaver made no objection to the State's presentence report, to the prosecutor's reference to the burglaries or to the court's calculation of his offender score. Weaver now contends his failure to object was not an "acknowledgment," because the State's sentencing submission was not a presentence report under RCW 9.94A.530.
¶ 12 When we interpret statutes, we must discern and implement the intent of the legislature.[9] We begin with the plain language and its ordinary meaning.[10] When the plain language is unambiguous, the legislative intent is apparent.[11] We examine each provision in relation to other provisions and seek a consistent construction of the whole.[12]
¶ 13 We first address a recent decision by Division II, State v. Mendoza.[13] The court there held that for purposes of RCW 9.9A.530(2), presentence reports are documents "prepared by the Department of Corrections (DOC) at the trial court's request under RCW 9.94A.500."[14] The court undertook a scholarly discussion of sentencing case law, and relied principally upon State v. Ford.[15]Ford involved a challenge to comparability of out-of-state prior convictions. Our Supreme Court rejected the State's argument that the defendant had an affirmative burden to show the challenged classification was erroneous, and held that the State's mere assertion of comparability was not, standing alone, enough to prove comparability, even where the defendant stands silent: "`Acknowledgement includes not objecting to information stated in the presentence reports.' Acknowledgement does not encompass bare assertions by the State unsupported by the evidence."[16] The Ford Court emphasized that the classification of out-of-state convictions is not a "fact" subject to acknowledgement: *764 "[W]hile unchallenged facts and information are acknowledged by the defendant and may be properly relied upon by the court to support a determination of classification, under the statutory scheme classification of out-of-state convictions is a process unto itself, entirely distinct from the acknowledged existence of any fact which informs the court's conclusions. Accordingly, a defendant does not `acknowledge' the State's position regarding classification . . . merely by failing to object."[17]
¶ 14 The Mendoza court also relied upon State v. Lopez.[18] There, Lopez objected to the prior convictions alleged by the State, but the court considered them anyway. The State conceded error. The issue for the Supreme Court was whether, on remand, the State should be entitled to introduce new proof, or would be held to the record of the original sentencing hearing. The Court held the State would not have a second opportunity to create its record.
¶ 15 Relying on these cases and others, the Mendoza court concluded that no authority existed providing that anything other than a report ordered from DOC could constitute a presentence report.
¶ 16 We respectfully disagree. Ford, Lopez, and the other cases cited in Mendoza all involve something beyond the mere fact of a conviction. Nothing in those cases, in our view, addresses the question presented here and in Mendoza. We look, instead, to the language of the statutes, and draw a different conclusion.
¶ 17 RCW 9.94A.500 governs procedures before sentencing. It requires the court to request presentence reports from DOC in only two situations: where a defendant is convicted of a felony sex offense, or shows signs of mental illness:
In addition, the court shall, at the time of plea or conviction, order the department [DOC] to complete a presentence report before imposing a sentence upon a defendant who has been convicted of a felony sexual offense. . . . If the court determines that the defendant may be a mentally ill person[,] . . . the court shall order the department to complete a presentence report before imposing a sentence.[19]
The same statute itemizes other information to be considered at sentencing: "The court shall consider the risk assessment report and presentence reports, if any, including any victim impact statement and criminal history."[20]
¶ 18 This language is plain. First, the term "presentence reports" is plural, in contrast to the singular "risk assessment report," and therefore necessarily contemplates more than one source. Second, the term "presentence reports" includes, at the least, any victim impact statement and any statement of criminal history. DOC does not prepare victim impact statements, so it is difficult to see how a DOC report can be the only authorized presentence report. Further, criminal history is defined by statute as "the list of a defendant's prior convictions and juvenile adjudications, whether in this state, in federal court, or elsewhere."[21] Nothing in that definition or in the acknowledgment statute suggests that the only source of a criminal history is DOC. Indeed, given the narrow category of cases in which DOC now prepares presentence reports,[22] we strongly doubt the legislature intended any such limitation. While the court rules permit judges to request presentence reports from *765 DOC,[23] it is the governing statute that informs our interpretation of legislative intent. We do not believe the legislature intended DOC to be the only source of criminal history subject to acknowledgment.
¶ 19 Nor does this interpretation conflict with due process. A criminal sentence must have some basis in the record. The State's presentence statement is not the meanderings of a stranger to the case, it is part of the record. A defendant can put the State to its affirmative burden of proof merely by objecting either before or during the sentencing hearing. Absent objection, the facts are in the record, and the record satisfies due process.
¶ 20 The purpose of the acknowledgement statute is to focus time and effort on those occasions where the facts are disputed. Limiting the definition of presentence reports contravenes this purpose, and we see nothing in the statute to support the limitation.
¶ 21 Recent Washington cases support our interpretation. In State v. Grayson,[24] the court, discussing RCW 9.94A.530, noted: "`Acknowledged' facts include all those facts presented or considered during sentencing that are not objected to by the parties." Citing to RCW 9.94A.530, the court in In re Personal Restraint of Cadwallader[25] observed: "A sentencing court may rely on a stipulation or acknowledgement of prior convictions without further proof."
¶ 22 Weaver failed to object, and thereby acknowledged his criminal history. There was no error, and we affirm.
¶ 23 The balance of this opinion having no precedential value, the panel has determined it should not be published in accordance with RCW 2.06.040.
AGID, DWYER, JJ, concur.
NOTES
[1] Report of Proceedings (RP) (Feb. 17, 2005) at 284.
[2] An offender score calculation is reviewed de novo. State v. Rivers, 130 Wash.App. 689, 699, 128 P.3d 608 (2005).
[3] RCW 9.94A.525(2).
[4] RCW 9.94A.530.
[5] RCW 9.94A.500.
[6] RCW 9.94A.530(2) (emphasis added).
[7] Clerk's Papers at 190.
[8] RP (Apr. 4, 2005) at 376.
[9] State v. J.P., 149 Wash.2d 444, 450, 69 P.3d 318 (2003).
[10] Id.
[11] Id.
[12] Advanced Silicon v. Grant County, 156 Wash.2d 84, 89, 124 P.3d 294 (2005).
[13] ___ Wash. ___, 162 P.3d 439 (2007).
[14] Id. at 444.
[15] 137 Wash.2d 472, 973 P.2d 452 (1999).
[16] Id. at 483, 973 P.2d 452 (quoting RCW 9.94A.370(2)) (emphasis omitted).
[17] Id. (emphasis and footnote omitted).
[18] 147 Wash.2d 515, 55 P.3d 609 (2002).
[19] RCW 9.94A.500.
[20] Id. (emphasis added).
[21] RCW 9.94A.030(14).
[22] Presentence reports from DOC were once routine in all felony cases, but are now common only in specific situations. Weaver's offense is one of those situations, and in response to Mendoza, the State seeks to supplement the record to include the DOC report filed below. The State represents that the DOC report contained the identical document outlining Weaver's criminal history. (This is not surprising, since a DOC employee signed the document originally submitted by the State.) But we need not supplement the record because the State's presentence report satisfies the statute.
[23] CrR 7.1(a)
[24] 154 Wash.2d 333, 339, 111 P.3d 1183 (2005).
[25] 155 Wash.2d 867, 873, 123 P.3d 456 (2005).