

2015 NOV 13 AM 8:23

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72648-0-I |
| Respondent, | ) ) ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| OLIVER W. WEAVER, JR. | ) ) | |
| Appellant. | ) ) | FILED: November 16, 2015 |

APPELWICK, J. — Weaver was convicted of rape of a child in the second degree and rape in the second degree. The jury found that Weaver impregnated the victim, an aggravating factor for sentencing purposes. The trial court imposed an exceptional sentence on both counts. At Weaver's third sentencing hearing, the trial court imposed the same exceptional sentence originally imposed. Weaver argues that the trial court did not justify the exceptional sentence, and that the sentence is clearly excessive in light of his changed health conditions. We affirm.

## FACTS

In early December 2002, R.T. was working for Oliver Weaver. State v. Weaver, 140 Wn. App. 349, 351, 166 P.3d 761 (2007), adhered to on remand, noted at 156 Wn. App. 1015, 2010 WL 2165353, reversed by, 171 Wn.2d 256, 251 P.3d 876 (2011). One day, R.T. was cleaning Weaver's home when Weaver

approached her and violently raped her. Id. He threatened R.T., and she was too afraid to report the rape. Id. But, R.T. did disclose the rape two months later when she suspected she was pregnant. Id. Her doctor confirmed that R.T. was pregnant. Id. On the advice of her mother and doctor, R.T. terminated the pregnancy. Id.

Weaver was charged with one count of second degree rape of a child (Count I) and one count of second degree rape (Count II). The jury found Weaver guilty as charged. It also found that R.T. was a child at the time of the offense and that she was impregnated by the defendant. For sentencing purposes, it is an aggravating factor that the offense resulted in the pregnancy of a child victim of rape. Former RCW 9.94A.535(2)(k) (2002). The trial court imposed an exceptional sentence of 250 months to life imprisonment for each count. The court determined that the terms would run concurrently.

Weaver has appealed his conviction and sentence multiple times. Weaver, 140 Wn. App. 349; State v. Weaver, noted at 179 Wn. App. 1001, 2014 WL 231338, review denied, 180 Wn.2d 1015 327 P.3d 55 (2014).. At issue here is Weaver's third sentencing hearing, which took place in October 2014. Only count I was before the trial court at this hearing. After considering Weaver's declining health and the record below, the trial court imposed the same exceptional sentence that the trial court originally imposed.

2

To clarify what law applied at the time of the third sentencing, the State suggested that the trial court re-sign the original judgment and sentence, rather than enter an entirely new document. The trial court complied in part. It added the date and a signature to the previously entered findings of fact and conclusions of law supporting the original sentence. The court also added a single handwritten sentence to the conclusions of law: "The exceptional sentence of 250 months is re-imposed on count I for the above reasons." The trial court also executed a new judgment and sentence.

Weaver appeals.

## DISCUSSION

Weaver contends the trial court erred in imposing an exceptional sentence of 250 months on Count I.[1] He provides several arguments challenging the trial court's reasons for its decision. We understand these arguments as an assertion that evidence in the record does not support the trial court's reasons for imposing an exceptional sentence. We review this question under a clearly erroneous standard. State v. Law, 154 Wn.2d 85, 93, 110 P.3d 717 (2005).

Weaver asserts that the trial court failed to make an independent determination that the exceptional sentence was justified. He points to the fact

_____

[1] A court has the discretion to decline to hear an appeal on the basis that it is moot. State v. Ross, 152 Wn.2d 220, 228, 95 P.3d 1225 (2004). A case is moot if the court cannot provide effective relief. In re Pers. Restraint of Mines, 146 Wn.2d 279, 283-84, 45 P.3d 535 (2002). The State contends Weaver's argument is moot, because the convictions have been affirmed and the exceptional sentence of 250 months on count II still stands. It argues that a decision in Weaver's favor would have no practical consequence for Weaver. However, we decline to resolve his claim on mootness rather than on the merits.

that the trial court did not enter new findings and merely signed on to the original findings with a note that the sentence is "re-imposed on count I for the above reasons." But, Weaver's argument ignores evidence of the trial court's independent determination in the record. The court specifically noted that it had "reviewed the entire record" before imposing the exceptional sentence. The court heard defense counsel's request that Weaver be sentenced to only 95 months. And, the court heard Weaver explain his changed health conditions. Then, the court imposed an exceptional sentence of 250 months on count 1, noting that it was "[m]aking an independent determination that that's appropriate."

Weaver also claims the court did not assess his changed circumstances in making this determination. He argues the court should have looked at his terminal illness and little remaining time to live. But, after Weaver spoke about his health conditions, the trial court told him, "I'm sorry to hear that." And, immediately before it announced its ruling, the court told Weaver again, "I'm sorry about your medical situation." The evidence in the record shows that the trial court did consider Weaver's health conditions.

We hold that there is sufficient evidence in the record to support the trial court's reasons for imposing the exceptional sentence. The sentence is not clearly erroneous.

Additionally, Weaver argues that the trial court abused its discretion in imposing a clearly excessive sentence in light of his terminal illness. We apply an abuse of discretion standard to the question of whether the sentence imposed was clearly excessive. State v. Ritchie, 126 Wn.2d 388, 395-96, 894 P.2d 1308 (1995).

A sentencing court abuses its discretion in setting an exceptional sentence only if it relies on an impermissible reason or imposes a sentence which is so long that it shocks the conscience of the reviewing court. Id.

Here, the court relied upon the jury's finding that the victim was a child victim of rape who became pregnant as a result of the offense. Under the Sentencing Reform Act, this is a permissible reason for which to impose an exceptional sentence. Former RCW 9.94A.535(2)(k) (2002).

The only remaining question is whether, considering the record, the sentence is so long that it shocks the conscience. Ritchie, 126 Wn.2d at 396. Weaver asserts that his sentence is clearly excessive due to the fact that he now has pancreatic cancer and little time left to live. But, Weaver cites no authority for the proposition that his deteriorating health makes his exceptional sentence shock the conscience. Assuming his deteriorating health is a factor to be considered, we note his assertion that he had 15 or 16 months to live. If true, any sentence whether extending his incarceration 20 months or 250 months would be a veritable life sentence. Moreover, the unchallenged portion of his sentence imposed a 250 month term independent of the sentence on this count. This undercuts the claim that the sentence shocks the conscience.

Weaver was convicted of the violent rape of a 13 year old girl. Weaver, 140 Wn. App. at 351. R.T. had to disclose the rape when she discovered that she was pregnant. Id. With the help of her mother and doctor, R.T. decided to have an abortion. Id. And, the jury entered a special finding that Weaver impregnated R.T. as a result of the rape. Id. at 352.

In light of these facts, we hold that Weaver's exceptional sentence does not shock the conscience. Therefore, the trial court did not abuse its discretion in imposing such a sentence.

We affirm.

Appelwick, J

WE CONCUR:

Cox, J.