[No. 84982-0. En Banc.]
Considered March 31, 2011. Decided April 7, 2011.

THE STATE OF WASHINGTON, *Respondent*, v. OLIVER W. WEAVER, JR., *Petitioner*.

---

*Nancy P. Collins* (of *Washington Appellate Project*), for petitioner.

*Daniel T. Satterberg, Prosecuting Attorney,* and *Brian M. McDonald, Deputy,* for respondent.

¶1 PER CURIAM — This court previously granted Oliver Weaver's petition for review of a Court of Appeals decision affirming his sentence for second degree child rape and second degree rape, remanding to that court for reconsideration in light of *State v. Mendoza,* 165 Wn.2d 913, 205 P.3d 113 (2009). On remand, the Court of Appeals adhered to its original decision. Weaver again petitioned for review. Because *Mendoza* clearly entitles Weaver to relief, we grant review, reverse the Court of Appeals, and remand to the superior court for further proceedings.

¶2 A jury convicted Weaver of second degree rape of a child and second degree rape. The jury returned a special verdict finding that the victim was a child and that Weaver impregnated her. The State sought an exceptional sentence based on these findings. The trial court ordered the Department of Corrections to prepare a presentence investigation report and directed Weaver to submit to an interview with the department. But the report was never completed because Weaver failed to appear for the interview.

¶3 At sentencing the trial court remarked that it had not received "the State's normal sentencing package." Report of Proceedings (Apr. 8, 2005) at 371. The deputy prosecutor submitted his office's presentence statement (including a recitation of Weaver's criminal history), mentioning that Weaver had two previous burglary convictions. Defense counsel acknowledged without elaboration that Weaver had a criminal history. Counsel also informed the court that Weaver did not submit to a presentencing interview because counsel was unavailable. Counsel did not think it efficient for the court to order a rescheduled interview.

¶4 The court counted the prior burglary convictions in calculating Weaver's offender score. The State informed the court that the two rape convictions merged for sentencing purposes. But the court imposed an exceptional sentence consisting of consecutive prison terms, basing the sentence on the victim's impregnation. Weaver did not object at the sentencing hearing.

¶5 Weaver appealed his sentence on several grounds, including the criminal history used to determine his offender score. The Court of Appeals denied the State's motion to supplement the record with the State's copy of what it claimed was a Department of Corrections presentence report. But the court affirmed the sentence, holding that Weaver acknowledged his criminal history by not objecting. *State v. Weaver*, 140 Wn. App. 349, 166 P.3d 761 (2007), *disapproved by Mendoza*, 165 Wn.2d 913.

¶6 Weaver petitioned for review in this court. After *Mendoza* became final, the court granted the petition and remanded the matter to the Court of Appeals for reconsideration in light of that decision. *State v. Weaver*, 166 Wn.2d 1014, 212 P.3d 557 (2009). On remand the Court of Appeals granted the State's renewed motion to supplement the record with what the court described as the Department of Corrections "statement of criminal history." The court then issued an unpublished decision affirming Weaver's sentence, reasoning that Weaver acknowledged his criminal history by not objecting to the department's "criminal history report," which the court determined had been before the trial court. *State v. Weaver*, noted at 156 Wn. App. 1015 (2010); *see also* former RCW 9.94A.530(2) (2000). Weaver again petitioned for review.

¶7 In *Mendoza* we held that the term "presentence reports" in former RCW 9.94A.530(2) did not include the prosecutor's statement of criminal history. *Mendoza*, 165 Wn.2d at 925. The presentence report is the report issued by the Department of Corrections pursuant to CrR 7.1. *See Mendoza*, 165 Wn.2d at 922-24. No such report was issued in this case since Weaver did not submit to an interview, a

required component of a presentence report. *See* CrR 7.1(b). The department instead issued a "SPECIAL FACESHEET" explaining the department's inability to complete the report. There is no competent evidence in the record that the trial court had before it a copy of this special face sheet at the time of sentencing.[1] The Court of Appeals therefore should not have relied on it. Under the circumstances, Weaver did not "affirmatively acknowledge" his criminal history as required by *Mendoza*. 165 Wn.2d at 928-29.[2]

¶8 The Court of Appeals is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.[3]

[No. 80572-5. En Banc.]
Argued October 28, 2008.    Decided April 14, 2011.

---

[1] A deputy prosecutor's declaration, alleging that he confirmed with the trial court bailiff that the trial court had the Department of Corrections "presence report" in its file, is uncorroborated. As noted, the department never issued a presentence report. Moreover, the document added to the appellate record is the State's file copy of the special face sheet, not a paper filed in the trial court at the relevant time.

[2] Weaver argued for the first time on remand that the trial court violated double jeopardy principles in failing to merge his two rape convictions. *See State v. Womac*, 160 Wn.2d 643, 650, 160 P.3d 40 (2007). The Court of Appeals properly declined to consider that issue because it exceeded the scope of remand. But Weaver may raise the double jeopardy issue at resentencing.

[3] Whether the State may attempt to prove Weaver's criminal history on remand is not before us. *See generally State v. Bergstrom*, 162 Wn.2d 87, 169 P.3d 816 (2007).