FILED
COURT OF APPEALS
DIVISION II

2014 MAR 25 AM 8: 53

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44051-2-II |
| Respondent, | |
| v. | |
| TIMOTHY ANDREW HOCKLEY, JR., | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. – Timothy Hockley, appeals his conviction of attempting to elude a pursuing police vehicle. He argues that (1) there is insufficient evidence to support his conviction and (2) the case should be remanded so the trial court can enter a written order regarding the oral dismissal of count two, driving with a suspended or revoked license. There is sufficient evidence that Hockley willfully failed to immediately stop his vehicle after being given visual and audible signals to do so and continued to drive in a reckless manner while attempting to elude a pursuing police vehicle. Accordingly, we affirm Hockley's conviction. We deny Hockley's request for remand or a written order dismissing count II because he did not raise the issue below.

## FACTS

On December 24, 2011, while driving with his girlfriend Charlene Massey, Hockley tailgated and then passed another vehicle. Hockley entered the oncoming lane of traffic and nearly collided with Pierce County Deputy Sheriff Matthew Smith's vehicle. Smith then turned

his sheriff's vehicle around and began following Hockley. As Smith approached Hockley's vehicle he activated his overhead lights. Hockley continued driving. Smith then activated his siren, but Hockley still continued to drive. Smith continued to follow the vehicle with both his lights and siren activated.

During the pursuit, Hockley proceeded through a stop sign without stopping and made a left hand turn at 35 miles per hour, causing sparks to come from the vehicle's front left tire. Hockley also accelerated to approximately 60 miles per hour and entered the oncoming traffic lane in order to pass another vehicle. Finally, after driving approximately one to two miles and making a number of turns, Hockley stopped in the driveway of Massey's mother's house.

Hockley exited the car and agreed to speak with Smith. Hockley told Smith that he saw the emergency lights but was looking for a safe place to park. Smith informed Hockley there were a number of safe places to pull over during the pursuit. Hockley then stated that he messed up and thought if he got the car to Massey's mother's house, law enforcement could not tow it away. When Smith again asked Hockley why he did not stop, Hockley stated he thought there might be a warrant out for his arrest.

The State charged Hockley with felony attempting to elude a pursuing police vehicle (count I) and driving with a suspended or revoked license (count II). The State also filed a special allegation of endangerment. Prior to trial, the court orally dismissed count II upon an oral motion by the State and without objection from either party.

A jury found Hockley guilty of attempting to elude a pursuing police vehicle and answered yes on the special verdict form alleging endangerment. The court left blank the line on the judgment and sentence providing for dismissed charges. Hockley appeals.

No. 44051-2-II

## ANALYSIS

A.    SUFFICIENCY OF THE EVIDENCE

Hockley argues that there was insufficient evidence to support his attempting to elude a

pursuing police vehicle conviction. Specifically, Hockley argues the State did not prove he drove

his vehicle in a reckless manner or that he was attempting to elude a pursuing police vehicle. We

disagree.

Evidence is legally sufficient to support a guilty verdict if any rational trier of fact,

viewing the evidence in the light most favorable to the State, could find the elements of the

charged crime beyond a reasonable doubt. *State v. Montgomery*, 163 Wn.2d 577, 586, 183 P.3d

267 (2008). We interpret all reasonable inferences in the State's favor. *State v. Hosier*, 157

Wn.2d 1, 8, 133 P.3d 936 (2006). Direct and circumstantial evidence carry the same weight.

*State v. Varga*, 151 Wn.2d 179, 201, 86 P.3d 139 (2004). "[C]redibility determinations are for

the trier of fact and are not subject to review." *State v. Cantu*, 156 Wn.2d 819, 831, 132 P.3d

725 (2006).

Under RCW 46.61.024(1),

> [a]ny driver of a motor vehicle who willfully fails or refuses to immediately bring
> his or her vehicle to a stop and who drives his or her vehicle in a reckless manner
> while attempting to elude a pursuing police vehicle, after being given a visual or
> audible signal to bring the vehicle to a stop, shall be guilty of a class C felony.

The trial court properly instructed the jury on the elements of this offense.

First, Hockley argues that there was insufficient evidence to show he drove his vehicle in

a reckless manner. Because there was evidence that Hockley sped through a residential area

while running stop signs, drove in the oncoming lane of traffic, and took a turn at high speed, we

disagree.

3

To establish that an individual drove in a reckless manner, it must be shown that the person was " 'driving in a rash or heedless manner, indifferent to the consequences.' " *State v. Hunley*, 161 Wn. App. 919, 926, 253 P.3d 448 (2011) (internal quotation marks omitted) (quoting *State v. Roggenkamp*, 153 Wn.2d 614, 621-22, 106 P.3d 196 (2005)), *aff'd*, 175 Wn.2d 901, 287 P.3d 584 (2012). Driving in a " 'reckless manner' does not mean [driving with] a 'willful or wanton disregard for the lives or property of others.' " *State v. Naillieux*, 158 Wn. App. 630, 644, 241 P.3d 1280 (2010) (internal quotation marks omitted) (quoting *State v. Ratliff*, 140 Wn. App. 12, 15, 164 P.3d 516 (2007)).

The State offered testimony at trial that Hockley drove through a residential neighborhood at speeds in excess of 50 miles per hour while a police vehicle, with lights and siren activated, followed him. While being followed, Hockley passed another vehicle by entering the opposing lane of traffic at 60 miles per hour. Hockley failed to stop at two stop signs. Hockley conducted a left hand turn at approximately 35 miles per hour causing sparks to emit from the vehicle's tire. This is sufficient evidence for a rational trier of fact to conclude that Hockley drove the vehicle in a " 'rash or heedless manner, indifferent to the consequences.' " *Hunley*, 161 Wn. App. at 926 (internal quotation marks omitted) (quoting *Roggenkamp*, 153 Wn.2d at 621-22).

Second, Hockley argues that there is insufficient evidence to show that he attempted to elude a pursuing police vehicle. Because there was sufficient evidence that Hockley attempted to avoid being stopped by Smith, we disagree.

Intent is not a component in establishing the element of " 'attempting to elude a police vehicle.' " *State v. Gallegos*, 73 Wn. App. 644, 650, 871 P.2d 621 (1994) (quoting RCW

4

46.61.021(a)). Based on the construction of the statute, attempt is given its ordinary meaning of " 'to try.' " *Gallegos*, 73 Wn. App. at 650. " 'To elude' means 'to avoid slyly or adroitly (as by artifice, stratagem, or dexterity) : evade.' " *Gallegos*, 73 Wn. App. at 650 n.1 (quoting WEBSTER'S THIRD NEW INT'L DICTIONARY 738 (1969)).

There was sufficient evidence that Hockley tried to avoid Smith. He sped away from Smith and made several quick turns after Smith turned on his lights and siren. After finally stopping the vehicle and being placed under arrest, Hockley told Smith that that he saw Smith behind him but did not stop because he was worried about his car being towed and he believed there was a warrant for his arrest. Given Hockley's actions and these statements, there was sufficient evidence for the trier of fact to infer that Hockley tried to elude the police vehicle.

## B. ABSENCE OF WRITTEN DISMISSAL

Hockley also challenges the sentencing court's failure to include count II under the dismissed charges listed on the judgment and sentence. He requests the case be remanded to the trial court to address the error. Alternatively, he seeks a written order from this court dismissing the charge. However, Hockley did not object to the trial court's failure to enter a written order of dismissal. Under RAP 2.5(a), we generally do not review an issue raised for the first time on appeal. Hockley does not argue that any of the exceptions in RAP 2.5(a) apply. Therefore, we decline to address this issue.

However, neither party disputes that the court orally dismissed the charge and that entry of a written order would be appropriate. CrR 7.8(a) states that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court . . . on the motion of any party." A clerical mistake is a mistake or

5

No. 44051-2-II

omission that when amended, correctly conveys the intention of the issuing court. *State v. Priest*, 100 Wn. App. 451, 456, 997 P.2d 452 (2000) (citing *Presidential Estates Apartment Assocs. v. Barrett*, 129 Wn.2d 320, 326, 917 P.2d 100 (1996)). Once review has been terminated, Hockley is free to seek modification of the trial court's order on proper motion.

We affirm Hockey's conviction. We deny Hockley's request for remand to correct the clerical mistake and deny Hockley's request for a written order from this court dismissing count II.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
HUNT, J.

_____
BJORGEN, J.

6